**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANTHONY ELIAN MORENO PAUTE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:26-1635 |
| | ) | Judge Nora Barry Fischer |
| LEONARD ODDO, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM ORDER**

Presently before the Court are Petitioner Anthony Elian Moreno Paute's Petition for Writ of Habeas Corpus, (Docket No. 1), and the Response to Petition for Writ of Habeas Corpus filed by Respondents, (Docket No. 5). Petitioner, a 22-year-old native of Ecuador, reportedly entered the United States illegally and without inspection in 2024. (Docket Nos. 1 at ¶¶ 14, 25; 5-1; 5-2). He was briefly detained, placed in removal proceedings and provided with a Notice to Appear. (*Id*. at ¶ 26). He and his fiancée filed petitions for asylum which remain pending. (Docket No. 1 at ¶¶ 26-28). He has no prior criminal history and was working in home remodeling prior to his arrest. (*Id*. at ¶ 29).

Petitioner was arrested on August 6, 2026 and has been detained at Moshannon Valley Processing Center in immigration custody since that time. (Docket No. 1 at ¶¶ 1, 29). He has not been afforded a bond hearing. (*Id*. at ¶ 7).

Petitioner asserts that he is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a) and not mandatory detention under § 1225(b)(2) and, therefore, is entitled to a bond hearing. (Docket No. 1). Respondents concede that mandatory detention does not apply to Petitioner

following the decision by the U.S. Court of Appeals for the Third Circuit in *Buele Morocho v. Warden*, Nos. 26-1150 & 26-1454, 2026 WL 2546223 (3d Cir. Aug. 28, 2026) and suggest that "granting the habeas petition to the extent that it seeks a prompt individualized bond hearing under § 1226(a) in the immigration court would satisfy due process." (Docket No. 5 at 2).

After careful consideration of the parties' positions, the binding authority from the U.S. Court of Appeals for the Third Circuit in *Buele Morcho* and this Court having held that individuals like Petitioner who are arrested and detained in the interior of the United States are not subject to mandatory detention under § 1225(b)(2) and affirmatively joined the Courts of Appeals[1] for the Second, Sixth, Seventh, Ninth, Tenth, and Eleventh Circuits, and the vast majority of district courts,[2] for the reasons set forth in this Court's recent decision of *F.B. v. LEONARD ODDO, et al.*, Civ. A. No. 3:26-CV-717, 2026 WL 1265352, at *2 (W.D. Pa. May 8, 2026) (Fischer, S.J.), the Court now holds that Petitioner's detention is governed by § 1226(a) and he has a statutory right to an individualized bond hearing. Hence, the Court will order Respondents to conduct a bond hearing pursuant to the directives below.

AND NOW, this 8th day of September, 2026,

IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus [1] is GRANTED, IN PART and DENIED, IN PART. Said Petition is granted to the extent that Petitioner seeks an individualized bond hearing;

---

1 *See e.g., Hernandez Alvarez v. Warden, Fed. Detention Center, Miami*, 2026 WL 1243395 (11th Cir. May 6, 2026); *Cunha v. Freden*, 2026 WL 1146044 (2d Cir. Apr. 28, 2026); *Lopez-Campos, et al. v. Kevin Raycraft, Immigr. & Customs Enf't, Acting Dir. of Detroit Field Off., Enf't & Removal Operations, et al.*, Appeal No. 25-1965, 2026 WL 1283891, at *11 (6th Cir. May 11, 2026); *Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709, at *1 (10th Cir. June 30, 2026); *Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424 (9th Cir. Jul. 30, 2026); *Cirrus Rojas v. Olson*, No. 25-3127, 2026 WL 2198315 (7th Cir. Jul. 30, 2026).

2 *See e.g., Cifuentes Alvarez v. Noem*, 2026 WL 545382 (W.D. Pa. Feb. 26, 2026) (Ranjan, J.); *Calzado Diaz v. Noem*, 2025 WL 3628480 (W.D. Pa. Dec. 15, 2025) (Haines, J.).

IT IS FURTHER ORDERED that within ten (10) days of this Order, Petitioner must receive an individualized bond hearing before a neutral immigration judge pursuant to 8 U.S.C. § 1226;

IT IS FURTHER ORDERED that the Petition is DENIED, without prejudice, to the extent he requests additional relief beyond an individualized bond hearing; and,

An appropriate Judgment follows.

BY THE COURT:

*s/Nora Barry Fischer*
Nora Barry Fischer, Senior U.S. District Judge

cc/ecf: counsel of record